PAUL SAUERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sauers v. Commissioner
Docket No. 19298-83.
United States Tax Court
T.C. Memo 1984-367; 1984 Tax Ct. Memo LEXIS 306; 48 T.C.M. (CCH) 536; T.C.M. (RIA) 84367; July 18, 1984. J. Eugene Wilson, for the petitioner. Francis E. McDaniel, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency in and additions to petitioner's Federal income tax as follows: Sec. 6651(a) [1]
Sec. 6653(a)
Year
Deficiency
Addition to Tax
Addition to Tax
1980
$12,908.19
$1,469.44
$645.41
Respondent's deficiency notice computation was based upon unreported income of $39,500.14 which petitioner received from Bally's Park Place Hotel and Casino in Atlantic City, N.J. Petitioner Paul Sauers resided in Atlantic *307 City, N.J., when he filed his petition herein. This case was noticed for both a hearing on respondent's motion for summary judgment and for damages under section 6673 and trial at a trial session of the Court in Atlanta, Ga., beginning on April 24, 1984. When the case was called on April 24, 1984, counsel for petitioner appeared on behalf of petitioner and stated that petitioner had no evidence to offer other than his reliance on "the U.S. Constitution." Respondent accordingly moved the Court to dismiss this case because of petitioner's failure to properly prosecute. See Rule 123(b) and Rule 149(b). The Court granted respondent's motion for the underlying deficiency and the additions to tax set forth in the statutory notice of deficiency. Thus, the only issue remaining is respondent's motion for the imposition of damages under section 6673. [2] Section 6673 provides, as to cases commenced after December 31, 1982, [3] that the Court may award damages to the United States of up to $5,000 when the proceedings have been instituted or maintained by the taxpayer primarily for delay or if the taxpayer's position in such proceedings is frivolous or groundless. *308 In the instant case, petitioner's conduct compels us to award damages under section 6673. After receiving respondent's notice of deficiency, petitioner filed a petition with this Court entitled "Special Appearance to Challenge Jurisdiction" in which he advanced several frivolous tax protester arguments including that he was not subject to the jurisdiction of the Internal Revenue Service nor this Court. Petitioner attached a "Memorandum of Points and Authorities of Argument" to his petition which also contained nothing more than tax protester arguments. In addition to his petition, petitioner also filed several lengthy documents purporting to be motions.In each of these documents, he continued to present frivolous arguments which do not warrant any discussion. [4] See . We are satisfied petitioner knew that his arguments were frivolous but nevertheless wanted to abuse the process of this Court and waste its resources and those of respondent. See ; . Accordingly, pursuant to section 6673 we hereby award *309 the United States damages of $5,000.00. An appropriate order and decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Since the Court granted respondent's motion to dismiss this case for failure to properly prosecute, the portion of respondent's motion filed on March 7, 1984, asking for summary judgment is now moot. ↩
3. Petitioner filed his petition on July 11, 1983.↩
4. Although petitioner's counsel attempted to deny to the Court that he was involved in this case from the beginning, he did sign the petition as well as the other documents which all contained nothing more than frivolous tax protester arguments. In this regard we feel compelled to repeat the warning given to petitioner's counsel at trial that we will not tolerate such reprehensible conduct from any attorney practicing before this Court. See Rules 201 and 202.↩